FRANK E. DeLONG ET AL. v. THE SPRING LAKE BEACH IMPROVEMENT COMPANY.

Submitted March 23, 1906—Decided February 25, 1907.

1. After breach of covenant, a warranty contained in a deed becomes a mere chose in action, and no longer runs with the land.
2. A plea which sets up a private easement as a defence against an eviction under the title of the public is bad.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice HENDRICKSON.

For the plaintiffs, *Thomas E. French.*

For the defendant, *Frank Durand.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs' right of action is based upon the breach of a covenant of warranty contained in a deed made by the defendant to the Spring Lake and Sea Girt company, the grantor of the plaintiffs.

The declaration alleges entry and seizin of the Spring Lake and Sea Girt company under that deed, and entry and seizin of the plaintiffs under the conveyance to them by that company. It then avers that the lands embraced in the conveyance to them "had been dedicated by the said defendant

to public use as a park and a way of access to the waters of Spring Lake, and that the owners of other lands sold and conveyed by the said defendant &#42; &#42; &#42; and the inhabitants of the borough of Spring Lake and the public at large then had and now have the right to enter upon said lands for pleasure, amusement and recreation, &c., and that their right and title to said lands and premises are paramount."

The first of the pleas demurred to avers that before and at the time of the delivery of the deed made by the defendant to the Spring Lake and Sea Girt company the premises in question were a public park, and were in the actual, open, visible and notorious use, possession and enjoyment of the public. The second of the pleas avers that before and at the time of the delivery of the deed of conveyance from the Spring Lake and Sea Girt company to the plaintiffs, the premises in question had the actual physical condition and appearance of a public park, and were in the open and notorious use, possession and enjoyment of the public as such park.

Each of these pleas shows, at least argumentatively (and an argumentative plea is good on general demurrer, *Bank v. Hendrickson,* 11 *Vroom* 52), a complete breach of the covenant *before* the delivery of the deed to the plaintiffs, by a paramount title which must be assumed to be continuous to the present time. Even if it be conceded that this did not preclude the operation of the covenant, it certainly was effective to prevent the covenant from enuring to the benefit of the plaintiffs as grantees of the land. After breach, a covenant of warranty becomes a mere chose in action, and no longer runs with the land. On the facts set up in these pleas the right of action for the breach of the covenant of warranty became vested in the Spring Lake and Sea Girt company, and did not pass to the plaintiffs. 8 *Am. & Eng. Encycl. L.* (*2d ed.*) 149; 11 *Cyc.* 1097.

The demurrer to these pleas must therefore be overruled.

The third plea avers that at the time of the delivery of the deed by the Spring Lake and Sea Girt company to the plaintiffs, the owners of certain lots of land, which had been

conveyed to them by the defendant prior to the date of its conveyance to the Spring Lake and Sea Girt company, and which were expressly excepted from that conveyance, had each of them, as an appurtenant to his lot, an easement in the lands conveyed to the plaintiffs, for use as a place of resort for pleasure, amusement, recreation and health. This plea seems to us to be bad. It sets up a *private* easement as a defence against the eviction of the plaintiffs under the title of the public. It probably was intended by it to deny any warranty against the title under which the eviction took place (the theory of the pleader, apparently, being that this is the necessary implication to be drawn from the averment of the exceptions in the defendant's deed to the Spring Lake and Sea Girt company), but it contains no such denial. As it stands it is subject to the same objection which prevailed against the plea which was the subject of discussion by us in our earlier opinion in this cause, reported in 43 *Vroom* 125, and for the reasons therein stated the demurrer to the third plea now under consideration must stand.